UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Joyce H. Drechen,

        Plaintiff,

v.

Rodenburg, LLP d/b/a
Rodenburg Law Firm, and
LVNV Funding LLC,

        Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This is an action for damages, declaratory and injunctive relief, brought by Plaintiff Joyce H. Drechen ("Plaintiff") against Defendant Rodenburg, LLP d/b/a Rodenburg Law Firm ("Defendant Law Firm") and Defendant LVNV Funding LLC ("Defendant LVNV") (collectively "Defendants") to redress violations of Plaintiff's protections pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of these Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District.

## PARTIES

5. Plaintiff Joyce H. Drechen, is a natural person residing in the County of St. Louis, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Law Firm is a law firm licensed to do business in the State of Minnesota that has a principal place of business located at 300 NP Avenue, Suite 105, Fargo, ND 58108. Law Firm conducts business in the District of Minnesota.

7. Defendant Law Firm regularly attempts to collect consumer debts alleged to be due another. Defendant Law Firm is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) and the agent of Defendant LVNV LLC.

8. Defendant LVNV is a Delaware limited liability company whose principal purpose to purchase defaulted debts and seek to collect on them. Defendant LVNV regularly attempts to collect consumer debts alleged to be due another and/or who uses any instrumentality of interstate commerce or the mails in any

business the principal purpose of which is the collection of any debts. Defendant LVNV is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. In the past two years, Defendant LVNV has filed at least 1000 cases in state courts located in the District of Minnesota, alone. LVNV directs Defendant Law Firm to file suit in courts across the State of Minnesota against citizens of the State of Minnesota, utilizes Minnesota state laws to collect debts, obtain judgements, and collect judgements, availing itself of the protections of Minnesota's legal system.

## FACTUAL SUMMARY

10. Sometime prior to June 19, 2018, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt with Citibank, N.A., Account No. 5424180491015985.

11. Sometime thereafter, the alleged debt was consigned, placed, or otherwise transferred to Defendant LVNV for collection from Plaintiff. Defendant LVNV retained Defendant Law Firm to collect the debt.

12. On June 3, 2020, Plaintiff's attorney sent a letter to Defendant LVNV providing notice that Gonko & Vavreck, PLLC represents Plaintiff. Also conveyed in the letter, in no uncertain terms, was Plaintiff's demand to not be contacted regarding the debt. Plaintiff's attorney wrote:

3

> "Please consider this letter to be unequivocal notice that Ms. Drechen refuses to pay this deb and that she wishes to have no further communication from you with respect to the debt."

13. On June 23, 2021, Plaintiff's attorney received a letter from Resurgent Capital Services, a non-party in the instant case, verifying the debt.

14. On July 14, 2021, Plaintiff's attorney sent a letter to Resurgent Capital Services, providing notice that Gonko & Vavreck, PLLC represents Plaintiff. Also conveyed in the letter was the fact that Plaintiff refuses to pay the debt and that she wishes to have no further communication from Resurgent Capital Services with respect to the debt.

15. On Friday, January 7, 2022, at 3:30 p.m., Defendant Law Firm sent a letter via facsimile to Plaintiff's attorney in a threatening attempt to request confirmation of representation. The letter stated:

> "Please advise if your office represents the above referenced individual. If so please send written confirmation to our office by January 12, 2022. If we do not hear from you we will assume there is no formal relationship in place and will contact this individual directly."

16. Defendant Law Firm demanded written confirmation from Plaintiff's attorney within five days confirming legal representation or threatened to contact Plaintiff directly.

17. On January 10, 2022, Plaintiff's attorney received Defendant Law Firm's letter. Pursuant to the letter, Defendant Law Firm provided Plaintiff's attorney 5 days to respond. However, since this letter was not received until January 10, 2022, Plaintiff's attorney was left with only two days to respond to Defendant Law Firm's threatening letter.

18. On January 10, 2022, Plaintiff's attorney sent a copy of the letter received from Defendant Law Firm to Plaintiff for her review by U.S. Mail.

19. On January 13, 2022, Plaintiff discussed the matter with her attorney.

20. On January 18, 2022, Plaintiff received a dunning letter addressed directly to her from Defendant Law Firm.

21. Defendants by contacting Plaintiff, after receiving her June 3, 2020 cease and desist letter, violated Section 805 of the FDCPA, 15 U.S.C. § 1692c(c).

21. Defendant Law Firm's January 7, 2022 letter and actions following communicated Defendants' intent to take actions it could not legally take, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5).

22. By threatening to contact Plaintiff after having prior knowledge that she already represented by an attorney, Defendants took or threatened to take action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5). *See Scott v. Portfolio Recovery Assocs., LLC*, 139 F. Supp. 3d 956, 969 (S.D. Iowa 2015) (collecting cases and noting that "a majority of courts that find § 1692e applies not only to threatened actions but also to actions actually taken.")

23. Defendants' actions constituted an unfair or unconscionable means to collect or attempt to collect an amount not permitted by law, violating Section 808 of the FDCPA, 15 U.S.C. §§ 1692f and 1692f(1).

24. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of nervousness, fear of answering the door and telephone, embarrassment, depression, hopelessness, as well as physical symptoms such as headaches, digestive disorders and chronic pain.

## DAMAGES

25. Defendants infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal, and unfair debt collection practices.

26. Defendants caused Plaintiff to expend time and resources to hire an attorney to defend herself and vindicate her rights.

27. Defendants caused Plaintiff emotional distress and embarrassment.

28. The conduct of Defendants and threatening to contact Plaintiff is a violation of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692e(5), and 1692f.

## RESPONDEAT SUPERIOR LIABILITY

29. The acts and omissions of Defendants, and/or the other debt collectors employed as agents by Defendants -further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendants.

6

30. The acts and omissions by Defendants and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendants.

32. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

- Ordering Defendants to cease collection activities against Plaintiff;

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 17, 2022

By: *[signature]*
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:  (612) 659-9220

**ATTORNEY FOR PLAINTIFF**

## DECLARATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Joyce H. Drechen, declare under penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*[signature]*
Joyce H. Drechen