## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

JOYCE H. DRECHEN,

                                        Civil No. 22-705 (JRT/LIB)

                    Plaintiff,

v.

                                        **MEMORANDUM OPINION AND ORDER
                                        GRANTING IN PART AND DENYING IN
RODENBURG, LLP d/b/a Rodenburg Law      PART DEFENDANTS' MOTIONS TO
Firm and LVNV FUNDING LLC,              DISMISS**

                    Defendants.

---

Mark L. Vavreck, **GONKO & VAVRECK, PLLC**, 401 North Third Street, Suite 640, Minneapolis, MN 55401, for plaintiff.

Amanda M. Lee and Clifton G. Rodenburg, **RODENBURG LAW FIRM**, PO Box 2427, Fargo, ND 58108, for defendant Rodenburg, LLP.

Jessica J. Nelson, **SPENCER FANE LLP**, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402; Joshua C. Dickinson, **SPENCER FANE LLP**, 13815 FNB Parkway, Suite 200, Omaha, NE 68154, for defendant LVNV Funding LLC.


Plaintiff Joyce Drechen brought this action against Defendants Rodenburg, LLP and LVNV Funding LLC ("LVNV") (collectively, "Defendants") alleging that two letters Rodenburg sent Drechen in connection with a debt Drechen owes violated the Fair Debt Collection Practices Act ("FDCPA") because Drechen's attorney had previously sent notice that he represented her with regards to the debt, she refused to pay the debt, and she did not wish to have further communications about the debt. Defendants filed Motions to Dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing

(1) Drechen did not allege a concrete injury in fact sufficient to confer standing and (2) Drechen has not alleged any substantive violations of the FDCPA.

The Court will grant in part and deny in part Defendants' Motions.  It will deny the Motions as to the challenge on the Court's subject matter jurisdiction because Drechen sufficiently alleged that she has Article III standing as her alleged physical harms constitute a concrete injury in fact.  It will also deny the Motions as to (1) an alleged violation 15 U.S.C. § 1692c(a)(2) because one can reasonably infer from the Complaint that Rodenburg was aware that Drechen was represented by an attorney and the Complaint does not establish that Rodenburg waited a reasonable time before contacting her; (2) an alleged violation of § 1692c(c) because the Complaint sufficiently alleges that Drechen sent LVNV a cease communications directive of which one can reasonably infer that Rodenburg had actual knowledge and the Complaint does not establish that another exception applies; and (3) an alleged violation of § 1692f generally because the Complaint alleges conduct that may violate this catch all section.  The Court, however, will grant the Motions as to (1) an alleged violation of § 1692e because the Complaint does not adequately allege any representations affected her ability to make an intelligent choice as to the debt and thus does not allege the representations were material and (2) an alleged violation of § 1692f(1) specifically because the Complaint provides no facts showing Defendants violated this individual subsection.

**BACKGROUND**

I.   **FACTUAL BACKGROUND**

Drechen incurred a consumer debt from Citibank, N.A. sometime before June 19, 2018.  (Compl. ¶ 10, Mar. 17, 2022, Docket No. 1.)  This debt was later consigned or otherwise transferred to LVNV.  (*Id.* ¶ 11.)

On June 3, 2020, Drechen's attorney sent a letter to LVNV stating that Gonko & Vavreck, PLLC represented Drechen.  (*Id.* ¶ 12.)  The letter also said, "[p]lease consider this letter to be unequivocal notice that Ms. Drechen refuses to pay this deb[t] and that she wishes to have no further communication from you with respect to the debt."  (*Id.*)

On June 23, 2021, Drechen's attorney received a letter from Resurgent Capital Services ("Resurgent") verifying the debt.[1]  (*Id.* ¶ 13.)  On July 14, 2021, Drechen's attorney confirmed that Gonko & Vavreck represented Drechen and that she refused to pay the debt and wished to have no further communication from Resurgent concerning the debt.  (*Id.* ¶ 14.)

On Friday, January 7, 2022, at 3:30 P.M., Defendant Rodenburg LLP faxed Drechen's attorney at Gonko & Vavreck a letter ("January 7 letter") stating:

> Please advise if your office represents [Drechen].  If so[,] please send written confirmation to our office by January 12, 2022.  If we do not hear from you[,] we will assume there is

_____

[1] At the hearing on the Motions, counsel for LVNV explained that LVNV and Resurgent are sister companies within the same corporate family wherein LVNV owns the debt and Resurgent acts as LVNV's attorney in fact.

no formal relationship in place and will contact [Drechen] directly.

(*Id.* ¶ 15; *see also* Decl. of Clifton Rodenburg ("Rodenburg Decl."), Ex. A, Apr. 11, 2022, Docket No. 11.)

Drechen alleges her attorney did not receive this fax until Monday, January 10, 2022.  (Compl. ¶ 17.)  The same day, he mailed a copy of the letter to Drechen for her to review, before discussing it with her on January 13.  (*Id.* ¶¶ 18–19.)

On January 18, 2022, Drechen received a dunning letter[2] ("January 18 letter") sent directly to her by Rodenburg.  (*Id.* ¶ 20; *see also* Rodenburg Decl., Ex. B.)  The letter informs her that Rodenburg is a debt collector attempting to collect the debt, the amount of debt, and various things Drechen can do after receiving the letter such as disputing the debt, paying it, or getting more information.  (Rodenburg Decl., Ex. B.)[3]

Drechen alleges she suffered emotional distress and "nervousness, fear of answering the door and telephone, embarrassment, depression, hopelessness, as well as

---

[2] A "dunning letter" is a letter demanding payment from a delinquent debtor.  *See Dun*, *Black's Law Dictionary* (11th ed. 2019).

[3] Drechen did not attach either letter to the Complaint.  The Complaint quotes the January 7 letter but not the January 18 letter.  Rodenburg filed the letters with its Motion to Dismiss.  As Drechen's case is entirely predicated on these letters, it necessarily embraces them.  Thus, the Court may consider them at this stage.  *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading.  Documents necessarily embraced by the pleadings include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." (cleaned up)).

physical symptoms such as headaches, digestive disorders and chronic pain" as a result of the two letters sent by Rodenburg. (Compl. ¶¶ 24, 27.) She also alleges she was damaged by expending time and resources hiring an attorney to deal with the situation. (*Id.* ¶ 26.)

## II.   PROCEDURAL HISTORY

On March 17, 2022, Drechen filed this action against Rodenburg and LVNV, alleging their actions violated the FDCPA, 15 U.S.C. § 1692 et seq. (*Id.* ¶¶ 1, 28.) Specifically, she alleges violations of 15 U.S.C. §§ 1692c(a)(2), 1692c(c), 1692e, 1692e(5), 1692f, and 1692f(1). (*Id.* ¶¶ 21, 23, 28.)[4] She seeks an injunction ordering Defendants to cease their collection activities against her, actual damages, statutory damages, and an award of her costs and attorney fees. (*Id.* ¶ 36.)

On April 11, 2022, Rodenburg filed a Motion to Dismiss seeking dismissal of all claims against it. (Rodenburg's Mot. Dismiss, Apr. 11, 2022, Docket No. 9.) On April 25, 2022, LVNV also filed its own Motion to Dismiss all claims against it. (LVNV's Mot. Dismiss, Apr. 25, 2022, Docket No. 15.)[5]

---

[4] The Complaint has two paragraphs numbered 21. The Court refers to them collectively as Paragraph 21 as if they are one paragraph.

[5] Although filed as separately, the parties largely treat the Motions as a joint motion. Indeed, LVNV's opening memorandum specifically incorporates the arguments Rodenburg made in its opening memorandum and Drechen specifically incorporates the arguments she made opposing Rodenburg's Motion in her response opposing LVNV's Motion. (LVNV's Mem. Supp. Mot. Dismiss at 2, Apr. 11, 2022, Docket No. 17; Pl.'s Mem Opp. LVNV's Mot. Dismiss at 4, May 16, 2022, Docket No. 25.) At the hearing on the Motions, counsel for Rodenburg also largely presented the argument on behalf of both Defendants. Because of the overlap and the parties'

**DISCUSSION**

**I.   RULE 12(B)(1) SUBJECT MATTER JURISDICTION**

**A.   Standard of Review**

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims. The party seeking to invoke a federal court's subject matter jurisdiction bears the burden of showing, by a preponderance of the evidence, that the court has jurisdiction. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). A court must dismiss an action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In deciding a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (citations omitted). The Court, therefore, may also consider "materials that are necessarily embraced by the pleadings." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks omitted). The Court also accepts as true all facts alleged in the complaint construing all reasonable inferences in the plaintiff's favor. *Id.* "The general rule is that a complaint should not be dismissed unless it appears beyond

_____

treatment of the Motions, the Court will also generally treat the Motions jointly and the Defendants collectively unless there are specific, relevant differences.

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Osborn*, 918 F.2d at 729 n.6 (citations and internal quotation marks omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* (citations omitted).

### B.    Analysis

Defendants bring a facial attack on the Court's subject matter jurisdiction as they do not present any evidence or cite anything other than the Complaint and the letters which are embraced by Drechen's Complaint. Defendants contend Drechen lacks Article III standing because she fails to allege a concrete injury in fact.

Article III of the Constitution limits federal courts' jurisdiction to cases or controversies. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Therefore, a plaintiff must have (1) suffered an injury in fact that is both (2) fairly traceable to the complained of conduct of the defendant and (3) likely to be redressed by a favorable decision. *Id.* at 560–61. To establish an injury in fact, a plaintiff must show an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (citations and internal quotation marks omitted). There must be "a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). "[A]n injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). And this concrete harm must actually exist. *Ojogwu v. Rodenburg L. Firm*, 26 F.4th 457, 462 (8th Cir. 2022).

Concrete harms can be either tangible or intangible.  *TransUnion*, 141 S. Ct at 2204. Traditional tangible harms include physical and monetary harms.  *Id.*  "In determining whether an intangible harm constitutes an injury in fact, both history and the judgment of Congress play important roles."  *Spokeo*, 578 U.S. at 340; *see also Ojogwu*, 26 F.4th at 463 (discussing how to apply this).  Intangible harms include "injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts" and those specified by the Constitution.  *TransUnion*, 141 S. Ct. at 2204.

Drechen alleges that she suffered headaches, digestive disorders, and chronic pain. These are physical harms that can rise to the level of a concrete harm.  *See id.*  Since *TransUnion*, several courts have found that headaches, stomachaches, and similar allegations are sufficient to establish standing as they are physical manifestations and concrete harms in cases alleging violations of the FDCPA or similar consumer protection laws.[6]  These allegations also distinguish Drechen's case from *Ojogwu* where the Eighth Circuit found that the plaintiff there had not adequately alleged a tangible injury, in part because the plaintiff did not allege that he suffered any physical manifestations caused by the defendant's actions.  26 F.4th 457, 462–63; (*see also Ojogwu v. Rodenburg L. Firm*,

---

[6] *See, e.g.*, *Billups v. I.C. Sys., Inc.*, No. 21-1018, 2022 WL 3684572, at *5 (N.D. Ill. Aug. 25, 2022) ("[T]his Court as recognized that distress so powerful as to cause physical manifestations may rise to the level of a concrete injury, even if those physical manifestations are relatively slight." (cleaned up)); *Makhnevich v. Bougopoulos*, No. 18-285, 2022 WL 939409, at *5, n.7 (E.D.N.Y. Mar. 29, 2022); *Benjamin v. Rosenberg & Assocs., LLC*, No. 19-3012, 2021 WL 3784320, at *6 (D.D.C. Aug. 26, 2021).

Case No. 19-563, Compl. ¶ 31, Mar. 7, 2019, Docket No. 1.)  It also distinguishes Drechen's

Complaint from *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855 (6th Cir. 2020), on which

Defendants rely.  The *Buchholz* plaintiff did not allege that he suffered any past physical

manifestations of harm caused by the defendant's actions as Drechen does here, only

anxiety about something that might happen in the future.  *Id.* at 864–65.

LVNV argues that "it simply defies credulity" that Defendants' actions could cause

the harms she alleges.  (LVNV's Mem. Supp. Mot. Dismiss at 8, Apr. 11, 2022, Docket No.

17 (emphasis in original).)  This, however, is a facial attack on subject matter jurisdiction

so the Court must accept as true the Complaint's allegations.  *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009); *see also Benjamin v. Rosenberg & Assocs., LLC*, No. 19-3012, 2021

WL 3784320, at *6 (D.D.C. Aug. 26, 2021) (assuming a plaintiff would be able to prove

similar harms in an FDCPA case at the motion to dismiss stage).  As courts have recognized

similar injuries could be caused by similar violations of the FDCPA and similar statutes, it

is plausible that Defendants' actions did so here.  As it does not appear "beyond doubt

that [Drechen] can prove no set of facts in support of" these allegations, she has

sufficiently alleged that she has suffered an injury in fact to establish Article III standing

at this stage.  *Osborn*, 918 F.2d at 729 n.6.  Whether she can, in fact, prove that the letters

caused her the alleged harms is an issue to be resolved at a later stage.  *See Adler v. Penn

Credit Corp.*, No. 19-7084, 2022 WL 744031, at *9 (S.D.N.Y. Mar. 11, 2022) (granting

summary judgement to a defendant for lack of subject matter jurisdiction because a plaintiff provided insufficient evidence of similar alleged harms in an FDCPA case).

Because Drechen has sufficiently alleged that she suffered an injury in fact that was caused by the Defendants' actions and that injury can be redressed through compensation for her alleged harms, the Complaint can survive this facial attack on her Article III standing.[7]

## II.    RULE 12(B)(6) FAILURE TO STATE A CLAIM

### A.    Standard of Review

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor, accepting the complaint's factual allegations as true and drawing all inferences in the plaintiff's favor. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018); *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665

---

[7] Because the Complaint can survive Defendants' present attack based on these physical manifestations of harm, the Court does not address the other grounds on which Drechen contends she has standing.

(8th Cir. 2009).  The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing a Rule 12(b)(6) motion to dismiss, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings."  *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quotation omitted)).

### B.    Analysis

Drechen alleges Defendants violated several parts of the FDCPA: 15 U.S.C. §§ 1692c(a)(2), 1692c(c), 1692e, 1692e(5), 1692f, and 1692f(1).  Defendants allegedly took two actions Drechen contends violated the FDCPA: (1) faxing the January 7 letter to Drechen's attorney and (2) mailing the January 18 letter to Drechen herself.  Thus, the Court must resolve whether these actions could have violated any of these sections of the FDCPA and whether the Complaint alleges sufficient facts to support each claim.

### 1.      15 U.S.C. § 1692c(a)(2): Represented Consumer

Drechen alleges that the January 18 letter violated § 1692c(a)(2) because Defendants knew she was represented by an attorney and did not wait a reasonable period of time before contacting Drechen directly after contacting her attorney who had not yet responded.

Section 1692c(a) provides that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector **may not communicate with a consumer** in connection with the collection of any debt—
>
> . . .
>
> (2) if the debt collector **knows the consumer is represented by an attorney** with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, **unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector** or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a) (emphasis added).

Defendants do not dispute that the Complaint adequately alleges that Rodenburg acted as a debt collector and that the January 18 letter was a communication with Drechen in connection with the collection of a debt.  Instead, whether Defendants violated this subsection turns on (1) whether Rodenburg knew she was represented by an attorney and, if so (2) whether Drechen's attorney failed to respond to the January 7 letter within a reasonable period of time before Rodenburg sent the January 18 letter.

-12-

a.    **Knowledge of Representation**[8]

The Complaint alleges that Drechen sent LVNV and Resurgent notification that Drechen was represented in June 2020 and June 2021, respectively.  It, however, never alleges that Drechen notified Rodenburg that she was represented before it sent the January 18 letter.  LVNV contends that the Complaint does not allege that Rodenburg had knowledge and that LVNV's knowledge cannot be imputed to Rodenburg.  As the FDCPA does not embrace an exception to ordinary principal-agent law, LVNV's knowledge cannot be simply imputed to Rodenburg to prove that Rodenburg had knowledge that Drechen was represented.  *See Schmitt v. FMA Alliance*, 398 F.3d 995, 997–98 (8th Cir. 2005).  Instead, the debt collector must have actual knowledge of representation.  *Id.* at 997.

Construing the Complaint in the light most favorable to Drechen, as the Court must, it sufficiently alleges Rodenburg had actual knowledge that Drechen was represented.  Drechen's attorney informed LVNV and Resurgent that he represented

_____

[8] As Drechen points out in opposition to Rodenburg's Motion, (Pl.'s Mem Opp. Rodenburg's Mot. Dismiss at 17, May 2, 2022, Docket No. 22), Rodenburg does not contest whether it knew Drechen's attorney represented her as to an alleged § 1692c(a)(2) violation.  For its part, LVNV makes only a passing reference to Rodenburg's knowledge in its opening brief without citation to any part of the Complaint or case law to support its argument before making a slightly more robust argument in its reply brief.  (LVNV's Mem. Supp. Mot. Dismiss at 10; LVNV's Reply Supp. Mot. Dismiss at 12–13, June 3, 2022, Docket No. 33.)  Defendants, however, meaningfully contest whether Rodenburg had knowledge of the cease communications directives sent to LVNV and Resurgent in their opposition to Drechen's § 1692c(c) claim which may also implicate whether Rodenburg had knowledge that Drechen was represented.  Although this may not be enough to preserve a knowledge argument as to the § 1692c(a)(2), *see Anderson v. Durham D & M, L.L.C.,* 606 F.3d 513, 515 n.2 (8th Cir. 2010); *Heisler v. Metro. Council*, 339 F.3d 622, 631 (8th Cir. 2003), because the Complaint adequately alleges Rodenburg had actual knowledge, the Court will not decide whether Defendants waived the argument at this time.

Drechen.    After LVNV hired Rodenburg to collect the debt, Rodenburg contacted Drechen's attorney directly to ask if he represented her.  A reasonable interference is that Rodenburg did so because it knew that he represented Drechen, likely from information it received from LVNV.

### b.    Reasonable Period of Time

The Complaint does not allege that Drechen's attorney responded to the January 7 letter before Rodenburg contacted Drechen directly with the January 18 letter. Defendants contend that the Complaint established Rodenburg waited a reasonable period of time before sending the letter as supported by the fact that it gave Drechen's attorney what Defendants argue was a reasonable deadline to respond and then waited for some number of days beyond that to send the January 18 letter.

The Complaint does not establish that eleven days was a reasonable period of time.[9]  The statute does not define "reasonable period of time."  Defendants cite no case law in support of their contention that eleven days is a reasonable period of time under § 1692c(a)(2).  Because what is reasonable typically depends on the particular facts and circumstances, courts have generally refused to determine what constitutes a reasonable

---

[9] The parties also dispute how the Court should look at the amount of time that elapsed between the letters.  The statute does not define how one counts the days and no party cites any case law in support of their preferred method.  Because at this stage the Court does not find that the Complaint establishes that eleven days was a reasonable period of time, the Court will assume for these Motions—but does not hold—that eleven days elapsed.

period of time as a matter of law even for longer periods of time.[10]  As the facts do not

clearly establish the period of time was reasonable and the Court must construe the facts

in favor of Drechen, the Court will not find that eleven days was reasonable as a matter

of law at this stage.

Because one can reasonably infer from the Complaint that Rodenburg had actual

knowledge that Drechen was represented and the Complaint does not establish that

Rodenburg waited a reasonable period of time before contacting Drechen directly, the

Court will deny Defendants' Motions as to claims arising under § 1692c(a)(2).

## 2.    15 U.S.C. § 1692c(c): Cease Communications Directive

Drechen alleges that the January 18 letter violated § 1692c(c) because Rodenburg

contacted her after she sent written notice to LVNV that she refused to pay the debt and

that she did not wish to be contacted.

Other than three exceptions, § 1692c(c) bars a debt collector from communicating

directly with a consumer regarding a debt after a consumer sends the debt collector a

cease communications directive.  Specifically, it provides that:

---

[10] *See, e.g.*, *Pennell v. LVNV Funding, LLC*, 549 F. Supp. 3d 897, 914–15 (S.D. Ind. 2021) (declining to find that forty-three days is reasonable as a matter of law), *vacated on other grounds*, No. 18-3304, 2021 WL 5403894 (S.D. Ind. Mar. 12, 2021); *Blum v. Fisher & Fisher*, 961 F. Supp. 1218, 1228 (N.D. Ill. 1997) (holding that whether a one month time period is reasonable is a dispute of material fact); *Lee v. Medicredit, Inc.*, No. 21-16, 2022 WL 135312, at *7 & n.9 (S.D. Ga. Jan. 13, 2022) (declining to find that seven months is a reasonable period of time and holding that, as an exception to the prohibition on contact, defendants bear the burden of proving the amount of time was reasonable as an affirmative defense).

> If a consumer notifies a debt collector in writing that the consumer **refuses to pay a debt** or that the consumer wishes the debt collector to **cease further communication** with the consumer, the debt collector **shall not communicate further with the consumer** with respect to such debt, except—
>
>  . . .
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are **ordinarily invoked by such debt collector** or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor **intends to invoke** a specified remedy.

15 U.S.C. § 1692c(c) (emphasis added).[11]

Defendants argue Drechen's § 1692c(c) claim fails because (1) Drechen did not send Rodenburg direct notice and Rodenburg did not have notice of the cease communications directive and (2) exceptions two and three apply.[12]

### a.    Rodenburg's Lack of Knowledge

Defendants contend that a debt collector must have actual knowledge of a cease communications directive before a debt collector is barred from communicating under

---

[11] The parties do not dispute that the omitted exception in § 1692c(c)(1) does not apply.

[12] Rodenburg also briefly argues that even if there was an otherwise valid cease communications directive in place, Drechen's attorney's failure to respond to the January 7 letter meant that Rodenburg could reasonably assume either there was no directive in effect or she no longer wished to enforce it.  Rodenburg's argument is undeveloped, and it cites no case law supporting that waiting a reasonable period of time is sufficient to overcome a cease communications directive.  Unlike § 1692c(a)(2), § 1692c(c) does not explicitly allow for direct communication after a consumer's attorney fails to respond after a reasonable period of time. Still even if Rodenburg is correct that waiting can overcome a cease communications directive and that it properly preserved this argument, the Court would not grant the Motions on this basis because the Complaint does not establish that Rodenburg waited a reasonable period of time.

§ 1692c(c) and the Complaint does not allege that that Rodenburg had actual knowledge of any cease communications directive.

Similar to Rodenburg's knowledge under § 1692c(a)(2), construing it in the light most favorable to Drechen, the Complaint alleges Rodenburg had actual knowledge of the cease communications directive. The Complaint alleges Drechen sent a cease communications directive to LVNV that also informed LVNV that Drechen's attorney represented her. After Rodenburg took over collections for LVNV, Rodenburg sent Drechen's attorney a letter directly asking if he represented her and, as discussed above, it is reasonable to infer that Rodenburg knew Drechen was represented. As the Complaint alleges notification of representation came in the same communication as the cease communications directive, it is also reasonable to infer that Rodenburg was aware of the cease communications directive. Rodenburg may be able prove that even if it was aware of representation, it was unaware of the cease communications directive, but the Complaint does not establish this.

###### b.     Lack of Notice to Rodenburg

Section 1692c(c) plainly requires a consumer to send a cease communications directive before liability under this subsection attaches. Although the Complaint alleges Rodenburg sent LVNV and Resurgent a cease communications directive, it does not allege that she sent one to Rodenburg before she received the January 18 letter. Therefore, liability could only attach to Rodenburg if her prior cease communications directives to LVNV and Resurgent are sufficient to qualify as notice under § 1692c(c). In other words,

the Court must resolve whether notice to a prior debt collector can suffice to bar a subsequent debt collector from communicating with a consumer.

The Court is unaware of any case that addresses this specific question. The Eighth Circuit has not addressed it. Every case the parties cited in support of their positions is readily distinguishable. Rodenburg quotes *Dahl v. Kohn Law Firm S.C.*, No. 18-753, 2019 WL 2230718, (W.D. Wis. May 23, 2019), *vacated on other grounds sub nom. Dahl v. Kohn Law Firm*, 853 F. App'x 1 (7th Cir. 2020), for the proposition that the consumer must notify the specific defendant debt collector. In *Dahl*, however, a **creditor**—not a debt collector—received the cease communications directive and then a debt collector contacted the consumer. *Id.* at *1. The FDCPA defines "creditors" and "debt collectors" differently and generally treats creditors and debt collectors differently. *See* 15 U.S.C. § 1692a(4), (6). Indeed, creditors are generally not subject to the FDCPA.[13] In all the cases *Dahl* reviews and the cases Defendants cite except one, the directive was sent to a creditor, not a debt collector.[14] In the one exception, the defendant debt collector allegedly received direct written notice. *Danow v. Borack*, No. 05-61562, 2007 WL 9724304, at *1 (S.D. Fla. Feb. 27, 2007). In the case Drechen cites to rebut Defendants'

---

[13] *E.g.*, *Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013); *Shula v. Lawent*, 359 F.3d 489, 491 (7th Cir. 2004).

[14] *See Russaw v. Scott & Assocs., P.C.*, No. 19-421, 2019 WL 5467903, at *2 (M.D. Ala. Oct. 24, 2019); *Maldonado v. Lyons, Doughty, & Veldhuis, P.C.*, No. 13-1825, 2014 WL 1297612, at *1 (D.N.J. Mar. 31, 2014); *Micare v. Foster & Garbus*, 132 F. Supp. 2d 77, 79, 81 (N.D.N.Y. 2001).

argument, the cease communications directive also went to a creditor.  *See Taufen v. Messerli & Kramer, P.A.*, No. 12-2050, 2014 WL 668019, at *1, 7 (D. Minn. Feb. 19, 2014); *see also* 15 U.S.C. § 1692a(4), (6).[15]

The Court concludes that if a consumer notified a debt collector that the consumer invoked § 1692c(c)'s cease communications provisions and a subsequent debt collector has actual knowledge of the cease communications directive, the consumer need not have directly notified the subsequent debt collector as well for liability to attach.  The Court does so for several reasons.  First, the FDCPA is a remedial, strict liability statute that "is liberally construed to protect consumers."  *Zortman v. J.C. Christensen & Assocs., Inc.*, 870 F. Supp. 2d 694, 702 (D. Minn. 2012) (citing *Picht v. John R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001)).  Second, the FDCPA provides a bona fide error defense exception to strict liability wherein a "debt collector may not be held liable . . . if the debt collector

-----

[15] A cursory reading of the section of *Taufen* dealing with this issue may suggest that the plaintiff in *Taufen* sent written notice to a prior debt collector, not to a creditor because it states, "after sending written notification to cease communication **to a prior debt collector** about the same debt."  *Taufen*, 2014 WL 668019, at *7 (emphasis in original omitted and emphasis added). The full opinion makes clear, however, that the plaintiff only sent written notice to a creditor. The only cease communications directive was sent to Capital One which also extended the credit. *Id.* at *1 ("Plaintiff incurred consumer debt with Capital One . . . . Plaintiff requested in writing that Capital One 'cease and desist' all communications with her."); *see also id.* at *7 ("[I]f Plaintiff can establish that she **notified Capital One** in writing that communications should cease, that her 'cease and desist' status was forwarded to Defendant [debt collector] when her Account was transferred for collection, and that Defendant had actual knowledge of that status, then Plaintiff could prevail on her section 1692c(c) claim." (emphasis added)).  As the entity who extended credit creating the debt, and Capital One did not use a name other than its own to collect the debt itself, Capital One was a creditor under the FDCPA.  *See* 15 U.S.C. § 1692a(4), (6).

-19-

shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).  Thus, if the second debt collector can establish that, even though it knew of the directive, it unintentionally violated the statute despite procedures to prevent it, the second debt collector can avoid liability.  The presence of this defense lessens the impact of potentially holding successive debt collectors liable based on a notice they did not directly receive.  Third, holding that § 1692c(c) does not attach merely because a new debt collector has been hired would allow for debt collectors to easily evade liability under § 1692c(c) despite repeated or incessant contacts with consumers who invoked their § 1692c(c) rights and would require consumers to repeatedly send cease communications directives.  Therefore, although the facts are somewhat different, the Court agrees with the logic of *Taufen* that "requiring a debtor . . . to individually send letters to subsequent debt collectors to whom the debtor's account is transferred *after* sending written notification to cease communication to a prior debt collector about the same debt, and where the subsequent debt collector has actual knowledge of the cease and desist status, would be too strict of an interpretation of a remedial statute designed to protect consumers." 2014 WL 668019, at *7 (emphasis in original); *see also* 15 U.S.C. § 1692(d) (describing the FDCPA's purpose "to eliminate abusive debt collection practices by debt collectors").  A contrary holding would allow

debt collectors to repeatedly hire a new debt collector to send successive dunning letters with no recourse.

To be clear, the Court does not hold that any prior cease communications directive is sufficient for § 1692c(c) liability to attach.  It only holds that liability attaches when (1) the consumer previously sent a sufficient directive (2) to a debt collector and (3) a subsequent debt collector contacts the consumer (4) despite having actual knowledge of the previous directive.  Therefore, because the Complaint adequately alleges—directly in part and through reasonable inferences in part—that Drechen sent a previous directive to a debt collector and that Rodenburg as a debt collector contacted Drechen despite having actual knowledge of the cease communications directive, it adequately alleges a § 1692c(c) violation unless the Complaint establishes an exception applies.

### c.    Exceptions

Defendants contend that even if the Complaint alleges a § 1692c(c) violation, an exception applies.  The exceptions allow the debt collector to notify the consumer that it "may invoke specified remedies which are ordinarily invoked by such debt collector" or "where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy," despite a valid cease communications directive.  15 U.S.C. § 1692c(c)(2–3).  Defendants contend that the letter notified Drechen of remedies it may invoke and remedies it intended to invoke.

The January 18 letter does not name any remedies **Defendants** may or intended to invoke.  Instead, its contents are entirely about what **Drechen** may do in response to

the letter.  Rodenburg again quotes from *Dahl* to support its contention that this letter is

sufficient.  The Court, however, does not find *Dahl* or a case *Dahl* cites in support of this

proposition persuasive on this issue as (1) neither explains why notifying a debtor of her

rights that does not name something the debt collector may or intends to do meets the

definition of a remedy the defendant may invoke and (2) both are dicta as the courts

found § 1692c(c) did not apply before analyzing the exceptions.  *Dahl*, 2019 WL 2230718,

at *3; *Maldonado*, 2014 WL 1297612, at *3.  The January 18 letter is also inapposite to

communications that have been found to fall into these exceptions.  *See Heintz v. Jenkins*,

514 U.S. 291, 296 (1995) (filing a lawsuit and sending a debtor communications connected

with that lawsuit); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 399 (6th Cir. 1998) (offering

a settlement without litigation, at least where a defendant can show this is something the

defendant ordinarily does); *see also Ojogwu*, 26 F.4th at 464 (noting indirectly that a

possible § 1692c(c) exception may be notifying a debtor that the debt collector intended

to begin a garnishment).  Letters that merely attempt to continue collection, however, do

not qualify for the exception.  *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir.

2012).

    Even if this letter could fall into the second exception of providing a remedy

Rodenburg may invoke, this would still require a showing that the contents of the letter

are remedies it normally invokes.  *See* 15 U.S.C. § 1692c(c)(2); *see also Lewis*, 135 F.3d at

399.  Although the Defendants may be able to establish this at a later stage, the Complaint

itself does not establish that Rodenburg normally invokes any remedies purportedly in the letter.

In sum, because one can reasonable infer from the Complaint that Rodenburg had actual knowledge of the cease communications directive and such directive could be applicable to it in this circumstance, and the Complaint does not establish that an exception applies, the Court will deny the Motions as to claims arising under § 1692c(c).

### 3.    15 U.S.C. §§ 1692e and 1692e(5): False, Deceptive or Misleading Representation or Means

Drechen contends that Defendants' actions violated 15 U.S.C. § 1692e generally and § 1692e(5) in particular.  This section provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>  . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e.   Section 1692e thus bars using "false, deceptive, or misleading" representations to collect a debt before providing a non-exhaustive list of conduct that constitutes such representations.

Drechen argues that because the January 7 letter to her attorney threatened to contact Drechen directly in violation of §§ 1692c(a)(2) and 1692c(c), it threatened an illegal means and thus this letter violated § 1692e and subsection (5).  She further argues

that this section prohibits not just threats but actions, so the January 18 letter also violated § 1692e.  Defendants argue that (1) the letters did not contain a false, deceptive, or misleading representations; (2) the Complaint does not allege the letters contain material representations and (3) the January 7 letter cannot be a violation as it was directed to Drechen's attorney, not Drechen.

A false, deceptive, or misleading representation must be material to violate § 1692e.  *Hill v. Accts. Receivable Servs., LLC*, 888 F.3d 343, 345–46 (8th Cir. 2018) ("Because a statement cannot mislead unless it is material, a false but non-material statement is not actionable." (cleaned up)).  A misrepresentation is material if it affects the ability of a consumer to make an intelligent choice about the debt.  *See id.*; *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1072 (10th Cir. 2022) ("[M]ateriality is then assessed by asking whether the reasonable consumer would have his ability to intelligently respond frustrated.").

The Complaint does not allege the letters contained material misrepresentations. Even if the letters contained false, deceptive, or misleading information, the Complaint does not plausibly allege facts supporting a finding that either letter affected her ability to make an intelligent choice.  In her response to Rodenburg's Motion, Drechen contends that materiality can be met if contact leaves a consumer unsure whether a debt collector can or will continue to contact her after sending a notice of representation and a cease communications directive.  Even assuming this could in some circumstances materially

affect a consumer's ability to make an intelligent choice, the Complaint does not allege this happened to Drechen nor could one reasonably infer from the Complaint that the letters had this effect on her.

Because the Complaint does not allege that any violation of § 1692e and its subsections were material, the Court need not address the parties' other arguments and will grant Defendants' Motions as to claims arising out of § 1692e and subsection (5).

    **4.    15 U.S.C. § 1692f: Catch All**

Finally, Drechen alleges that Defendants' actions violated 15 U.S.C. § 1692f generally and § 1692f(1) specifically.  It provides that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. **Without limiting the general application of the foregoing**, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f (emphasis added).  Section 1692f thus bars "unfair or unconscionable means" generally before providing a non-exhaustive list of conduct that constitutes "unfair or unconscionable means."

Although the Complaint specifically states that Defendants' actions violated subsection (1), the Complaint provides no facts that plausibly support this.  The Complaint does not allege the amount Defendants sought to collect was not authorized by Drechen's initial agreement with Citi or that it was not permitted by law.  In her response brief to

Rodenburg's Motion, Drechen only statement regarding subsection (1) is "it was an attempt to collect an amount not permitted by law, in violation of § 1692f(1)."  (Pl.'s Mem Opp. Rodenburg's Mot. Dismiss at 14.)  She provides no explanation for why this is so or point to any facts in the Complaint supporting this allegation.  Because the Complaint does not allege any facts showing a defect associated with the amount, the allegation that Defendants violated § 1692f(1) is a mere label or conclusion.  Therefore, the Court will grant the Motions as to any claims arising out of 15 U.S.C. § 1692f(1) specifically.  However, as § 1692f contains a non-exhaustive list, the failure to allege a violation under subsection (1) does not necessarily doom a § 1692f claim.

Section 1692f operates as a backstop to catch conduct that is not covered by another FDCPA provision.  *See, e.g.*, *Hillbeck v. Accts. Receivable Servs., LLC*, No. 16-3345, 2017 WL 2080258, at *5 (D. Minn. May 15, 2017) (so holding and collecting cases); *see also Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1418 n.4 (2017) (Sotomayor, J. dissenting).  In enacting the FDCPA, Congress intended for § 1692f to bar conduct that the FDCPA's other sections did not specifically address.  *See* S. Rep. No. 95-382, at 4 (Aug. 2, 1977) ("In addition to these specific prohibitions, this bill prohibits in general terms any harassing, unfair, or deceptive collection practice.  This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.").

Defendants contend that this means a complaint must allege conduct separate from the conduct alleged to violate other sections of the FDCPA and that the Complaint

here does not do so.  Defendants are correct that courts often dismiss § 1692f claims where it appears the complaint does not allege any conduct not covered by another section of the FDCPA.  *See, e.g.*, *Hillbeck*, 2017 WL 2080258, at *5; *Caulfield v. Am. Acct. & Advisors, Inc.*, No. 12-2761, 2013 WL 1953314, at *3 (D. Minn. May 10, 2013).  On the other hand, courts sometimes allow for § 1692f claims to survive the motion to dismiss stage even when it appears the § 1692f claim may be redundant once the facts are more fully developed because the claim can be dismissed then.  *See, e.g.*, *Spehr v. Seterus, Inc.*, No. 18-1922, 2019 WL 4246929, at *7 (E.D. Mo. Sept. 6, 2019) (collecting cases).  Although the Eighth Circuit has not specifically held that a § 1692f claim can survive even when it alleges conduct that may also violate another provision, the Eighth Circuit has repeatedly addressed cases with that fact pattern and has not held that the § 1692f claim must be dismissed for this reason.[16]

Even if it is proper to dismiss seemingly redundant § 1692f claims at this stage rather than wait until a later stage, the Court will not dismiss Drechen's § 1692f claim at this time.  Drawing all inferences in Drechen's favor as the Court must, it is plausible that Defendants engaged in "unfair or unconscionable means" not otherwise covered by the FDCPA.  For example, as Drechen points out, it may be the case that using a series of debt

---

[16] *See Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 985 (8th Cir. 2016); *Nelson v. Midland Credit Mgmt., Inc.*, 828 F.3d 749, 751 (8th Cir. 2016) (considering §§ 1692e and 1692f claims together rather than dismissing the § 1692f as overlapping); *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015); *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 817 (8th Cir. 2012).

-27-

collectors to confuse consumers or evade liability under other sections may in some circumstances be unfair or unconscionable.[17]  Although Drechen's § 1692f claim is not displaced at this stage, if it is ultimately determined as the facts develop it is nothing more than a claim properly addressed under another subsection, it may be displaced at a later stage.

## CONCLUSION

In sum, the Court will grant in part and deny in part Defendants' Motions to Dismiss.  The Complaint adequately alleges an injury in fact such that the Complaint can survive Defendants' facial attack on Drechen's standing.  The Court will dismiss claims arising out of § 1692e including § 1692e(5) and out of § 1692f(1).  The Court, however, will deny the Motions as to claims arising out of §§ 1692c(a)(2), 1692c(c), and 1692f generally.  Several claims remain that cannot be resolved at this stage, though the Court has winnowed down the number of claims and issues as the parties proceed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Rodenburg, LLP's Motion to Dismiss [Docket No. 9] and

---

[17] To be clear, the Court does not hold that such an action would violate § 1692f especially as the parties have not presented a meaningful argument on this.  The Court merely notes that the Complaint plausibly alleges this may have occurred here and that this may be—but also does not hold that it is—conduct not otherwise covered by the FDCPA.

-28-

Defendant LVNV Funding LLC's Motion to Dismiss [Docket No. 15] are **GRANTED in part** and **DENIED in part** as follows:

1. **GRANTED** as to Plaintiff's claims arising out of 15 U.S.C. §§ 1692e, 1692e(5), and § 1692f(1);

2. **DENIED** as to Plaintiff's claims arising out of 15 U.S.C. §§ 1692c(a)(2), 1692c(c), and 1692; and

3. Plaintiff's claims arising out of 15 U.S.C. §§ 1692e, 1692e(5), and § 1692f(1) are **DISMISSED without prejudice**.

DATED:  December 8, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge